IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:05-253-HMH |
| vs. | ) | |
| | ) | |
| John Gregory McKoy, Jr., | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on John Gregory McKoy, Jr.'s ("McKoy") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses McKoy's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2005, McKoy pled guilty to one count of possession with intent to distribute a quantity of cocaine and 50 grams or more of cocaine base and one count of using and carrying a firearm in furtherance of a drug trafficking crime. On September 26, 2000, McKoy was sentenced to one hundred eighty (180) months imprisonment. On December 19, 2006, the United States Court of Appeals for the Fourth Circuit affirmed McKoy's conviction and sentence. See United States v. McKoy, No. 06-4340, 2006 WL 3797926, at *1 (4th Cir. Dec. 19, 2006) (unpublished). The instant motion was filed on November 6, 2007.[1] In his § 2255 motion, McKoy alleges that his conviction is invalid because "the Government did not prove nor showed acquire ownership of 1214 Union Street at the Carolina Cash Clothing Store

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

in order that any sanction, sentence or punishment be implemented on the petitioner in the United States District Court for jurisdiction purpose." (Pl.'s Mem. Supp. § 2255 Mot. 5.)

## II. DISCUSSION OF THE LAW

McKoy argues the court lacked jurisdiction over this case because the federal government did not own the property or assert jurisdiction over the property where McKoy was arrested. This argument is wholly without merit, and the court summarily dismisses this claim. McKoy was arrested for possession of cocaine and weapons which is in violation of federal law, 21 U.S.C. § 841(a)(1), (b)(1)(A), & (b)(1)(C), and 18 U.S.C. § 924(c)(1). The court clearly had jurisdiction over the charges alleged in the indictment. The indictment charged McKoy with possessing cocaine and the weapon within the District of South Carolina. McKoy pled guilty to these charges. As such, this claim is wholly without merit.

Further, to the extent McKoy argues that his guilty plea was involuntary because his counsel, Bradley Bennett ("Bennett"), forced him to plead guilty, this claim is also without merit. In the introduction to McKoy's memorandum in support of his § 2255 motion, McKoy states as follows:

> In the United States District Court; the District of South Carolina on the 31st day of October 2005 the petitioner was forced to plead guilty by defense counsel and was informed that if he plead guilty, he would receive 60 months incarceration or house arrest, nevertheless the court sentenced the petitioner to a term of 180 months incarceration . . . .

(McKoy's Mem. Supp. § 2255 Mot. 4.) McKoy does not provide any basis for his position that Bennett forced McKoy to plead guilty. Further, McKoy testified during his Rule 11 hearing that no one had threatened, forced, or coerced him in any way to plead guilty. (Guilty Plea Tr. 40.); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991) (finding that the defendant's

2

statement at Rule 11 hearing that he was neither coerced nor threatened was "strong evidence of the voluntariness of his plea"). "A voluntary and intelligent guilty plea is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citation and quotation marks omitted). Based on the foregoing, McKoy's motion is summarily dismissed.

Therefore, it is

**ORDERED** that McKoy's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 19, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3